## JAMES McCLOSKEY, plaintiff in error, v. THE PEOPLE, defendants in error.

It is a good ground of challenge to the array, that certain of the jurors had not been summoned by any legal authority, and that their names had been put upon the list of jurors by the clerk of the court, at their request, without any order having been entered requiring such jurors to serve; and when such a challenge, interposed in behalf of a prisoner on trial for felony, was overruled by the court, on error, the judgment was reversed.

THE prisoner was tried in the Court of Sessions of Kings county, in May, 1862, on an indictment which charged him with having committed a rape on the body of Mary Anderson, a plea of " not guilty " having been interposed to the indictment.

Before the commencement of the trial, the prisoner, by his counsel, challenged the array of jurors called to try said issue, upon the following grounds, to wit: That Willard William Day, and other jurors whose names appeared upon the list of jurors, had not been summoned as jurors to serve in the

McCloskey *v.* The People.

Court of Sessions, but that their names were put upon the list of jurors by the clerk of the court, at the request of the jurors themselves, without having been summoned to appear for said term by the commissioner of jurors, and without any order of the court being entered requiring such jurors to serve, which challenge defendant, by his counsel, offered to verify by proof.

Whereupon the district attorney suggested that if any juror had been added, that was no ground of challenge to the array, but of personal challenges to such jurors being sworn. The court so ruled, and the defendant's counsel excepted.

The trial then proceeded, and resulted in the conviction of the prisoner, who was sentenced to imprisonment in the State prison for ten years.

The record was then removed into this court by writ of error.

*S. D. Morris*, for the plaintiff in error.

*John Winslow* (District Attorney), for the People.

*By the Court*, EMOTT, J. The prisoner, by his counsel, before the commencement of the trial, interposed a challenge to the array of jurors, on the ground that certain of the jurors had not been summoned by any legal authority ; that their names had been put upon the list of jurors by the clerk of the court, at the request of those persons themselves, without their having been summoned as jurors, and without any order of the court being entered, requiring such jurors to serve; and offered to verify the challenge by proof. The district attorney admitted the truth of the challenge, but demurred to it in point of law, insisting that the facts stated were no ground of challenge to the array, but of a challenge to the polls in the case of any or each of such jurors, if he should be drawn upon the jury to try the prisoner.

The court sustained the district attorney, and overruled the challenge, and the prisoner's counsel excepted.

The statute (2 *R. S.*, 733, § 3) requires that twenty-four jurors duly drawn and summoned should appear, not impanneled in any other cause, or otherwise disqualified, and

that the ballots containing their names should be placed in the box from which the jury is to be drawn, before commencing the trial of any indictment.

It is not denied that the jurors specified in this challenge were not duly summoned, and were not competent jurors.

A defect in summoning a jury has always been ground of a challenge to the array, as where the array was returned by two coroners only, when there were four in office, or by a bailiff and not the sheriff. (*Trials per Pais.*, I, 168.) So it was a good challenge to the array that the sheriff put a juror into the panel at the request or selection of a party, or out of favor to him. (*Id.*, 169.) The same authority, at page 189, says, that the objection that a juror had been impanneled, or summoned, at the request of a party, being a good challenge to the array, cannot be made a challenge to the jurors. The present objection is clearly to be taken against the array, and if not interposed in that form could not be cause of challenge against individual jurors. It does not appear but that these jurors were competent in point of property and the other require- ments of the law, and a challenge "*propter defectum*" would not be against any single juror because he had not been duly summoned, if his name were found upon the panel returned to the court. It might be evidence to sustain a challenge to the polls, of the description called by the old writers "*propter affectum*," that the juror was selected or summoned at the request of a party; but even this challenge would only go to favor, and might be overruled upon trial.

A defect, or a violation of the statute, in the manner in which the jury list is made up, must be taken advantage of by a challenge to the array, and not to the person of the juror.

Such a defect as was here alleged, that certain of the jurors were not summoned by any authority whatever, but were put upon the list by the clerk of the court at their own request, is a good ground of principal challenge to the array. The result to a prisoner of refusing such a challenge would be, that he would be compelled to go to trial with a jury improperly summoned, without the legal guaranties of impartiality and

competence.   To protect himself against jurors thus obtained, he would be driven either to exhaust the privilege of peremptory challenges which the law gives him, or to risk his rights upon a challenge to the favor in the case of each juror, upon which, what would be good cause of principal challenge to the array, would be merely evidence, and that not the most direct, of favor or partiality in the juror.

In the case of *The People* v. *McKay* (18 *Johns. R.*, 212), the court held that the want of a venire appearing upon the record would be sufficient to arrest the judgment.   Probably the present objection, if it appeared on the record, would have the same effect; but having been brought to the notice of the court below by the prisoner's challenge, it should have been sustained by them, and it was a fatal error to overrule it.

The judgment must be reversed.

